IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ARTHUR WILLIAM SEADORF, SR.                                                          PLAINTIFF

v.                                  Civil No. 2:24-cv-02035-PKH-MEF

SHERIFF JIM DAMANTE
(Crawford County, AR);
OFFICER JONATHAN STROUD
(Crawford County Sheriff's Department);
BOOKING OFFICER REED INGRAM
(Crawford County Detention Center)                                                   DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

Plaintiff filed his Complaint on March 18, 2024. (ECF No. 1). On March 26, 2024, the Court entered an Order directing Plaintiff to submit an Amended Complaint to address deficiencies in his Complaint. (ECF No. 8). Plaintiff did so April 22, 2024. (ECF No. 10). Plaintiff is currently incarcerated in the Arkansas Division of Correction ("ADC") North Central Unit, but his

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Complaint centers on his interactions with employees of the Crawford County Sheriff's Office and Detention Center.

For Claim One, Plaintiff alleges that he was arrested and falsely imprisoned for charges that were, in fact, brought against his son, Arthur William Seadorf, Jr. (ECF No. 10 at 4). He alleges Defendants were informed of the mistaken identity, but they ignored him. He further alleges they have refused to provide paperwork and are now attempting to engage in a cover-up of their actions. (*Id*.). Review of publicly available state court records indicates significant case history for the Seadorf name, as well as cases where the suffix Sr. or Jr. is not indicated on the case docket. Plaintiff names all three Defendants for this claim. (*Id*.).

For Claim Two, Plaintiff alleges he was denied medical care for a broken hip in "November, 2020." (ECF No. 10 at 6). For Claim Three, Plaintiff alleges cruel and unusual punishment, also in November 2020. (*Id*. at 7). As grounds for the cruel and unusual punishment, he alleges he was placed in a suicide cell without his crutches, was denied food because it was placed in the trap door with Defendants knowing Plaintiff could not ambulate to reach the food, was denied water, and fell when he tried to use the toilet. (*Id*. at 8). He alleges he fell trying to meet his needs, was found unconscious in the cell, and was taken to the hospital. (*Id*.). Hospital staff told him he would have died if he had not been brought in for care. (*Id*.).

Plaintiff proceeds against all Defendants for all claims in their individual capacity. (ECF No. 10 at 5, 7, 8). He seeks compensatory damages, punitive damages, and other relief. (*Id*. at 9).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  The complaint must, however, still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

Plaintiff's Second and Third claims are barred by the statute of limitations for § 1983. Section 1983 does not contain its own statute of limitation.  Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (§ 1981 case).  *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996) (§ 1985 case).

In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Plaintiff alleges his rights were violated in November 2020, but he did not file this case until March 18, 2024, more than three years past the last day of November 2020. As such, his Second and Third claims under § 1983 are time-barred.[2]

### IV.   CONCLUSION

Accordingly, it is recommended that Plaintiff's Claims Two and Three be DISMISSED WITHOUT PREJUDICE. It is further recommended that Plaintiff's Claim One remain for further review.

Referral Status: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of May 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's first claim may be time-barred as well, as the Amended Complaint suggests one incarceration arising from the alleged false arrest and imprisonment, but Plaintiff alleges that claim one occurred in "2021," and he states that the "Crawford County Sheriff refuses to give this info …" (ECF No. 10 at 4). Accordingly, claim one survives screening but may be subject to a statute of limitations defense.